UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EVERARDO GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No.  ED CV 14-1674-PJW<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He contends that the Administrative Law Judge ("ALJ") erred when he found that Plaintiff's testimony was not credible.  For the reasons discussed below, the Court concludes that the ALJ did not err.

This is the second time this case is before the Court.  In 2010, the ALJ concluded that Plaintiff was not disabled.  Plaintiff appealed that decision, complaining that the ALJ had not incorporated Plaintiff's professed limitations into the residual functional capacity assessment even though he had concluded that Plaintiff's

testimony was generally credible.  The Court agreed and remanded the case to the Agency to allow the ALJ to address this oversight.

On remand, the ALJ held another hearing and issued another decision, again denying benefits.  This time, he found that Plaintiff's testimony was "not fully credible," especially with regard to standing and walking, based in large measure on the fact that Plaintiff's statements about his limitations were inconsistent.  (Administrative Record ("AR") 282.)  Plaintiff takes exception to this finding.  He argues that the ALJ overlooked the fact that Plaintiff had good days and bad days and that that is why his testimony appeared inconsistent.  (Joint Stip. at 4-19.)  As explained below, the Court does not find this argument persuasive.

Plaintiff portrayed himself who was someone who was practically incapacitated by pain and limitation.  He submitted a function report in which he reported that it normally took him 90 minutes to get out of bed in the morning and that he could stand and sit for only 20 minutes at a time.  (AR 180-87.)  In interviews with Agency staff, he told them that it took hours to get out of bed.  (AR 156, 164, 173.)  At the administrative hearings, Plaintiff testified similarly.

The ALJ did not accept this testimony.  He set forth several reasons why, most significant of which was the fact that Plaintiff's numerous statements about his limitations were inconsistent.  (AR 282.)  The record bears this out.  Plaintiff told an examining doctor in 2009 that he "exercised daily, walking 3 to 4 miles a day to strengthen his body and back."  (AR 220.)  At the 2010 administrative hearing, the ALJ asked Plaintiff about this statement and he explained that he was not able to walk that far every day but did admit to walking three to four miles some days.  (AR 38.)

After the ALJ denied his claim for benefits, Plaintiff appealed. He argued in his brief that the Court should remand the case to the Agency for an award of benefits. The Court denied this request, pointing out the apparent contradiction between Plaintiff's testimony that he suffered from debilitating pain that prevented him from doing much of anything and his ability to walk three to four miles a day. (AR 385.)

At the administrative hearing following remand, the ALJ followed up on this issue, prompting Plaintiff's counsel to inquire about it. (AR 331-32.) Counsel asked Plaintiff about his statement to the examining doctor that he was walking three to four miles daily for exercise. Plaintiff denied ever walking this far for exercise, signaling, it seems, that he never told the examining doctor that he could. (AR 333-34.)

In his decision, the ALJ focused on this testimony and found that it undermined Plaintiff's credibility. (AR 282.) The ALJ did not err in doing so. It was reasonable for him to infer that Plaintiff was being untruthful when he testified in the second administrative hearing that he had never walked three to four miles for exercise when the record clearly established that he had told his doctor that he did and he testified in the first hearing that he did. This is particularly true in the context of this case where the Court had pointed to Plaintiff's ability to walk as a reason to deny his request to summarily grant his application for benefits and Plaintiff understood the significance of this issue.

Plaintiff disagrees. He points out that he experienced good and bad days and that the ALJ's interpretation of his testimony overlooked this fact. The Court does not see it that way. Plaintiff did not

testify that he could not walk three or four miles on a bad day. He testified that he never walked that far for exercise. Based on his statement to the examining doctor and his prior testimony, this was false. Further, even were the Court to give Plaintiff the benefit of the doubt and conclude that there was some ambiguity in the record, it would still uphold the ALJ's finding that Plaintiff was not credible because it was a rational one in light of the evidence. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding, where ALJ's credibility determination is reasonable one, courts should not second-guess it).

The ALJ pointed to other inconsistencies between Plaintiff's testimony and the record, like his claim that he could not stand, walk, or sit for any length of time. (AR 282.) These, too, supported the ALJ's finding that Plaintiff was exaggerating his claims of pain and disability.

The ALJ considered Plaintiff's activities, like driving, riding in a car, and cleaning the windows at his sister's hair salon twice a month. (AR 282.) Obviously, these activities were inconsistent with Plaintiff's testimony that he was in so much pain that it took him two hours to get out of bed in the morning.

The ALJ pointed out that there was no objective medical evidence to support Plaintiff's claims of disabling pain. (AR 282.) The record supports this finding. And this is a valid reason for questioning Plaintiff's testimony. *See Rollins*, 261 F.3d at 857 (explaining ALJ can consider objective medical evidence, or lack thereof, in evaluating credibility).

4

In the end, the Court finds that the ALJ cited sufficient reasons for questioning Plaintiff's testimony and that those reasons are supported by substantial evidence in the record. For that reason, the ALJ's credibility finding is affirmed.[1]

IT IS SO ORDERED.

DATED: February 19, 2016.

/s/ Patrick J. Walsh

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GONZALEZ, J 1674\MEMO OPINION AND ORDER.wpd

---

[1] Plaintiff argues that the ALJ also failed to properly analyze his sister's testimony. (Joint Stip. at 19.) Here, again, the Court disagrees. As the ALJ pointed out, the sister's testimony that Plaintiff was essentially incapable of almost any physical activity, including housework, was undermined by Plaintiff's testimony to the contrary, including his testimony that he washed the windows at his sister's salon twice a month. (AR 283.) This is enough to uphold the ALJ's finding. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006).